## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT WHEELING

**RUSSELL BENNETT and**
**BARBARA BENNETT,**

     Plaintiffs,

v.                                    Civil Action No. 5:21-cv-8

**VEBI VEHAPI, MS TRANSPORT,**        Judge Bailey
**LLC, ARAB CARTAGE AND EXPRESS**
**COMPANY, and LOUIS SPEARS,**

     Defendants.

---

### SECOND AMENDED COMPLAINT

---

**NOW COMES** the Plaintiffs, Russell Bennett and Barbara Bennett, by and through counsel, Zavolta Law Office, and for their cause of action against the Defendants, Vebi Vehapi, MS Transport, LLC, Arab Cartage and Express Company, and Louis Spears, state and allege, as follows, to-wit:

### General Allegations

1.     Plaintiff Russell Bennett, (hereinafter referred to as "Plaintiff Bennett") is an adult individual and resident of 332 Bennett Lane, Dallas, Ohio County, West Virginia 26039.

2.     Plaintiff Barbara Bennett, (hereinafter referred to as "Plaintiff Barbara Bennett") is an adult individual and resident of 332 Bennett Lane, Dallas, Ohio County, West Virginia 26039.

3.     Based on available information and belief, Defendant Vebi Vehapi is an adult individual and resident of 10044 Bunker Hill Drive, St. Louis, Missouri 63123.

4.     Defendant MS Transport is a foreign corporation organized under the laws of the State of Missouri and markets itself as a full support freight service

provider to locations throughout the United States including the State of West Virginia, thereby purposefully availing itself to the laws, benefits, privileges and protections of the State of West Virginia.

5.    That according to the State of Missouri Secretary of State's website, Defendant MS Transport, LLC has a registered address of 1091 Hickory Ridge Trail, Arnold, Missouri 63010.

6.    Defendant MS Transport, LLC, actively, continuously and systematically conducts and contracts business in West Virginia by utilizing West Virginia roadways, interstates and routes to facilitate delivery and or transportation of goods, products and or services, thereby purposefully availing itself to the laws, benefits, privileges and protections of the State of West Virginia.

7.    Based on available information and belief, Defendant Louis Spears is an adult individual and resident of 82452 U.S. Highway 231, Arab, Alabama 35016.

8.    Defendant Arab Cartage and Express Company is a foreign corporation organized under the laws of the State of Alabama and markets itself as a full support freight service provider to locations throughout the United States including the State of West Virginia, thereby purposefully availing itself to the laws, benefits, privileges and protections of the State of West Virginia.

9.    That according to the State of Alabama Secretary of State's website, Defendant Arab Cartage and Express Company has a registered address of c/o Robert L. Elrod, 1101 Nathan Road SW, Arab, Alabama 35016.

10.    Defendant Arab Cartage and Express Company actively, continuously and systematically conducts and contracts business in West Virginia by utilizing West Virginia roadways, interstates and routes to facilitate delivery and or

transportation of goods, products and or services, thereby purposefully availing itself to the laws, benefits, privileges and protections of the State of West Virginia.

11.     Defendants Vebi Vehapi and MS Transport, LLC had applicable liability insurance coverage in place through Canal Insurance Company, claim number L5204590, policy number 12687800012.

12.     Defendants Louis Spears and Arab Cartage and Express Company had applicable liability insurance coverage in place through Acord Insurance Company, policy number 00300WCATAARAB201.

13.     At all times material and relevant herein, Plaintiff Russell Bennett at the time of the accident at issue had applicable liability motor vehicle coverage through American National Insurance Company, Policy Number 47-A-3TY825.

14.     Plaintiff Russell Bennett was at all times without comparative negligence and or any other wrongful conduct concerning the accident at issue in this litigation.

15.     At all times material and relevant herein Defendant Vehapi was within the active course and scope of his employment and or agency relationship with Defendant MS Transport, LLC.

16.     At all times material and relevant herein Defendant Spears was within the active course and scope of his employment and or agency relationship with Arab Cartage and Express Company.

### Count I – Negligence – Defendant Vehapi and or MS Transport

17.     Plaintiffs hereby incorporate by reference all paragraphs of this Complaint as if fully restated herein.

18.     That on or about November 11, 2019, in Triadelphia, near the overpass known as Stoolfire Road, Ohio County, West Virginia, on a public roadway known as

Interstate 70, Eastbound, Defendant Vebi Vehapi carelessly, recklessly, negligently and or grossly negligently operated a 2020 Truck/Tractor motor vehicle, owned by Defendant MS Transport Incorporated, in such a manner and with such great force as to negligently cause a severe and substantial side-swipe type collision with Plaintiff Bennett's 2012 Ford F250 Pickup Truck motor vehicle.

19.     Defendant Vehapi was operating said motor vehicle as a permissive user and/or in the course and scope of his employment with the express and or implied permission of owner Defendant MS Transport Incorporated, thereby causing any and all applicable insurance coverage to apply to this severe, substantial collision.

20.     Defendants, at the time of the motor vehicle accident at issue, were negligent in causing serious injuries, damages, and losses to Plaintiff Russell Bennett as will be hereinafter set forth.

21.     Defendants as alleged hereinbefore, were negligent and or reckless toward Plaintiff Russell Bennett, in one or more of the following areas, among others in the operation of said motor vehicle, including violating the Motor Vehicle Code, safety laws and other laws of the State of West Virginia, including, but not to be strictly limited to:

A.  Failing to maintain control of the vehicle;

B.  Failing to exercise due care generally in the operation of a motor vehicle;

C.  Operating said motor vehicle in a manner unsuited to the roadway;

D.  Failing to observe the traffic which was lawfully on the roadway;

E.  Failing to keep a safe lookout;

F.  Failing to operate the said motor vehicle in accordance with existing traffic conditions;

G. Following Too Closely;

H. Excessive Speed;

I. Other acts and or omissions.

22.      As a direct and proximate result of the negligent acts and/or omissions by the Defendants Vebi Vehapi and or MS Transport Incorporated, Plaintiff Russell Bennett was proximately caused to be injured and damaged as hereinafter set forth.

### Count II – Negligent Entrustment

23.      Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint as if fully restated herein.

24.      Based on the available information and belief Defendant MS Transport Incorporated was the owner of the 2020 Volvo VLN760 Truck/Tractor motor vehicle operated by Defendant Vebi Vehapi.

25.      Defendant MS Transport Incorporated at all times material and relevant herein, had actual and or constructive notice and knowledge that Defendant Vehapi was unfit to operate the 2020 Volvo VLN760 Truck/Tractor motor vehicle with reasonable safety for other motor vehicle operators upon the roadways of the State of West Virginia. Including, but not limited to Plaintiff Russell Bennett.

26.      Defendant MS Transport, Incorporated thereby breached duties owed and committed negligence in entrusting the said motor vehicle to Defendant Vebi Vehapi.

### Count III – Negligence – Defendant Arab Cartage and Express Company and Louis Spears

27.      Plaintiffs hereby incorporate by reference all paragraphs of this Complaint as if fully restated herein.

28.      That on or about November 11, 2019, in Triadelphia, near the overpass known as Stoolfire Road, Ohio County, West Virginia, on a public roadway known as Interstate 70, Eastbound, Defendant Spears carelessly, recklessly, negligently and or

grossly negligently operated a 2016 Truck/Tractor motor vehicle, owned by Defendant Arab Cartage and Express Company, in such a manner and with such great force as to negligently cause a severe and substantial side-swipe type collision with Plaintiff Bennett's 2012 Ford F 250 Pickup Truck motor vehicle.

29.    Defendant Spears was operating said motor vehicle as a permissive user and/or in the course and scope of his employment with the express and or implied permission of owner Defendant Arab Cartage and Express Company thereby causing any and all applicable insurance coverage to apply to this severe, substantial collision.

30.    Defendants, at the time of the motor vehicle accident at issue, were negligent, by acts and/or omission, in causing serious injuries, damages, and losses to Plaintiff Russell Bennett as will be hereinafter set forth.

31.    Defendants, as alleged hereinbefore, were negligent and or reckless toward Plaintiff Russell Bennett, in one or more of the following areas, among others in the operation of said motor vehicle, including violating the Motor Vehicle Code, safety laws and other laws of the State of West Virginia, including, but not to be strictly limited to:

    A. Failing to maintain control of the vehicle;

    B. Failing to exercise due care generally in the operation of a motor vehicle;

    C. Operating said motor vehicle in a manner unsuited to the roadway;

    D. Failing to observe the traffic which was lawfully on the roadway;

    E. Failing to keep a safe lookout;

    F. Failing to operate the said motor vehicle in accordance with existing traffic conditions;

    G. Operating said motor vehicle at excessive and an unsafe speed for existing roadway conditions;

H.  Failing to yield the right of way;

I.  Failing to maintain proper speed for existing roadway conditions;

J.  Failing to keep in proper lane;

K.  Failing to observe traffic signs;

L.  Inattentive, careless or improper driving;

M.  Failure to apply the brakes of the motor vehicle in time to avoid the collision;

N.  Violating the Statutes of the State of West Virginia and local ordinances;

O.  Following Too Closely; and

P.  Operating the motor vehicle with excessive speed.

32.    As a direct and proximate result of the negligent acts and/or omissions by the Defendants, Plaintiff Russell Bennett was proximately caused to be injured and damaged as hereinafter set forth.

**Count IV – Negligent Entrustment – Arab Cartage and Express Company**

33.    Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint as if fully restated herein.

34.    Based on the available information and belief Defendant Arab Cartage and Express Company was the owner of the 2016 T600 Truck/Tractor motor vehicle operated by Defendant Spears on November 11, 2019.

35.    Defendant Arab Cartage and Express Company at all times material and relevant herein, had actual and or constructive notice and knowledge that Defendant Spears was unfit to operate the 2016 T600 Truck/Tractor motor vehicle with reasonable safety for other motor vehicle operators upon the roadways of the State of West Virginia.

36.     Defendant Arab Cartage and Express Company thereby committed negligence in entrusting the said motor vehicle to Defendant Spears.

37.     As a direct and proximate result of the reckless, and/or negligent acts and/or omissions, and/or other violations of law by the Defendants, Plaintiff Russell Bennett was proximately caused to be injured to the following, but not to be strictly limited to, areas of his body: in and about his head, neck, back, shoulders, extremities, body chemistry, psyche, muscles, tissues, fascia, and other body parts and injuries, both internally and externally, and inasmuch as all or part of his injuries are permanent and lasting in nature, Plaintiff Russell Bennett has and will in the future suffer great pain of body and mind.

38.     As a further direct and proximate result of the reckless, and/or negligent acts and / or omissions and/or others violations of law by the Defendants, Plaintiff Russell Bennett was proximately caused to incur divers and sundry expenses for medical care and treatment to date in an amount undetermined, and inasmuch as all or part of the Plaintiff Russell Bennett's injuries are permanent and lasting in nature, he has and will in the future suffer divers and sundry expenses for medical care and attention in an effort to treat, manage and/or effect a cure for his injuries and causally related symptomatologies; Plaintiff Russell Bennett has suffered a diminution in his ability and capacity to care for himself and enjoy a normal life; Plaintiff Russell Bennett has sustained a loss of earning capacity; and all of which he anticipates will continue into the future.

39.     As a further direct and proximate result of the reckless, and/or negligent acts and/or omission, and/or other violations of law by the Defendants, Plaintiff Russell Bennett has been prevented from carrying out the duties and responsibilities of his life; Plaintiff Russell Bennett has been prevented from leading his life socially and

recreationally as he had prior to this accident; Plaintiff Russell Bennett's permanent injuries have adversely affected his ability to enjoy the ordinary functions of life, together with the capability to function as a whole person; and all of which will continue into the future.

### Count V – Loss of Consortium – Barbara Bennett

40.     Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint as if fully restated herein.

41.     As a further direct and proximate result of recklessness, carelessness, negligence, and violations of the law by the Defendants as aforesaid, Plaintiff Barbara Bennett has lost the consortium of her husband, Plaintiff Russell Bennett, inasmuch as the injuries to Plaintiff Russell Bennett are permanent and lasting in nature, Plaintiff Barbara Bennett will continue in the future to be deprived of the consortium and services of her husband, Plaintiff Russell Bennett.

### Count VI – Property Damages

42.     Plaintiffs hereby incorporate by reference all paragraphs of this Complaint as if fully restated herein.

43.     As a further direct and proximate result of the reckless, and/or negligent acts and/or omission, and/or other violations of law by the Defendants, Plaintiff Russell Bennett has been caused and continues to be caused to suffer property damage losses and related losses, including but not to be strictly limited to the following: Loss of Use of the 2012 F250 Truck motor vehicle, Annoyance, Inconvenience, Aggravation, Costs, Expenses, and other damages and losses.

**WHEREFORE**, Plaintiffs Russell Bennett and Barbara Bennett demand judgment against Defendants MS Transport Incorporated , Vebi Vehapi, Arab Cartrage and Express Company, and Louis Spears in an amount in excess of the minimum

jurisdictional limits as compensatory damages, plus pre and post-judgement interest and costs and such further relief as a court or jury may find; and the Plaintiffs further demand interest and costs incurred in and about the prosecution of this action and for such other relief as a court or jury may find. The minimum jurisdictional amount for filing this action has been satisfied.

<u>**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES**</u>

Respectfully submitted,
Plaintiffs, et. al.

*/s/ Paul J. Ratcliffe, Esq.*
***Plaintiffs' Counsel***
Ronald W. Zavolta (W.Va. State Bar ID #8739)
Paul J. Ratcliffe (W.Va. State Bar ID #13453)
**ZAVOLTA LAW OFFICE**
1287 Fairmont Pike Road
Wheeling, WV 26003
Telephone: (304) 905-8073
Facsimile: (304) 905-8992